UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| IN RE: | : | CHAPTER 7 |
| | : | |
| SHUKRI TEMIROV and HALIDE DEMIR, | : | Case No.: 16-18193-amc |
| | : | |
| Debtors. | : | |
| FLEETWAY CAPITAL CORP., | : | |
| | : | |
| Plaintiff, | : | Adv. No.: 17-064-amc |
| v. | : | |
| | : | |
| SHUKRI TEMIROV and HALIDE DEMIR, | : | |
| | : | |
| Defendants. | : | |

## PLAINTIFF'S, FLEETWAY CAPITAL CORP., ANSWER IN OPPOSITION TO DEFENDANTS' MOTION TO EXTEND DISCOVERY

Plaintiff, Fleetway Capital Corp. ("Fleetway"), in opposition to Defendants' Motion to Extend Discovery, states as follows:

1. Admitted.

2. Admitted. However, Defendants served no discovery until May 9th, a mere five (5) days prior to the August 7th discovery deadline, and nearly three (3) months after the May 9, 2017, Pretrial Order establishing same.

3. Admitted, except that Defendants only supplied their initial disclosures to the undersigned after the filing of Plaintiff's motion to compel same on July 13, 2017. The Defendants' initial disclosures were served upon the undersigned on July 16, 2017.

4. Admitted that the discovery requests of Defendants were served upon the undersigned a mere five (5) days prior to the August 7th discovery deadline, and nearly three (3) months after the May 9, 2017, Pretrial Order establishing same.

5. Denied as stated.

6. Admitted.

7. Denied as stated. For purposes of the within Complaint, Defendant Demir has intimate personal knowledge of the relevant facts.

8. It is admitted only that Defendant Temirov is a truck driver.

9. Denied as stated.

10. Denied. Even if he is on the road, Defendant Temirov has a telephone.

11. Denied as stated. However, even if this allegation is true, Defendants' Counsel in this case, Alexander Moretsky, Esquire (hereinafter "Moretsky"), is a fluent Russian speaker.

12. Denied. This is artifice. There is nothing "challenging" about the Defendants propounding discovery upon Plaintiff, nor is there anything "challenging" about a Russian speaker communicating with his Russian speaking attorney. Moreover, Defendants, along with Moretsky, sat through two (2) full days of a Rule 2004 Examination in the undersigned's office which occurred on Feb. 24 and Feb. 27, so Moretsky had a sufficient grasp of the case in order to propound discovery on behalf of his clients.

13. Denied as stated. On August 7, 2017, Moretsky sent an email seeking to depose two (2) of Plaintiff's representatives. This was the *first notice* of any intent by the Defendants to depose anyone from Plaintiff. This was on the *last day* of discovery. Moreover, no notice of deposition has ever been served.

14. Denied as stated. Moreover, even if true (which it is not), Defendants should have propounded discovery seasonably after the issuance of the May 9, 2017, Pretrial Order, not complain that because of their own delay, they now do not have time to complete discovery. Finally, they could have served notices to depose a Rule 30(b)(6) corporate designee by outlining the facts that they wanted the deponent to be knowledgeable about.

15.     Denied as stated. The Defendants' own dilatoriness and lack of good faith in complying with a properly issued order establishing a discovery deadline does not constitute good cause sufficient to justify an extension.

16.     Denied as stated. The undersigned was asked via email on August 7th whether Plaintiff would consent to an extension of the discovery deadline, and a response was given. No explanation was requested by Moretsky. Accordingly, none was given by the undersigned.

17.     Admitted.

18.     Admitted.

19.     Denied. The Court of Common Pleas of Philadelphia County will not allow the underlying case to proceed while the Defendants' bankruptcy is pending. See December 21, 2016, Order, a true and correct copy of which is attached hereto as Exhibit "1." Accordingly, Plaintiff is unable to proceed as against any of the other five (5) co-defendants in the underlying case, and has been unable to do so since the Defendants' bankruptcy filing. The inability of Plaintiff to attempt to recover any of its $344,150.21 judgment entered on March 3, 2016, is causing actual prejudice to Plaintiff. Moreover, Plaintiff has propounded discovery upon Defendants. However, to be clear, Plaintiff does not in any way, shape, or form seek an extension of the discovery deadline. It is also noteworthy that Defendants did not notice any depositions prior to the expiration of the discovery deadline. A party's own dilatoriness and lack of good faith in complying with a properly issued order establishing a discovery deadline does not constitute good cause sufficient to justify an extension.

> Plaintiff cites no legal authority to support a finding of "good cause" in these circumstances, and the Court will not sanction such a cavalier lack of diligence in complying with the Court's scheduling orders. See *Rosetsky v. Nat'l Bd. of Med. Exam'rs of U.S., Inc.*, 350 Fed. Appx. 698, 702 (3d Cir.2009) (unpublished) (affirming district court's denial of motion to extend discovery deadlines when plaintiff "waited until the eve of the deadline to notice any depositions."); *Century Jets Aviation LLC v. Alchemist Jet Air LLC*, 2011 WL 724734, at *3 (S.D.N.Y. Feb. 8, 2011) (denying motion to extend discovery deadline to take depositions

3

because "failing to schedule a single deposition [during the discovery period] demonstrates dilatoriness, rather than diligence."); *Kelly v. CSE Safeguard Ins. Co.*, 2011 WL 2977890, at *2 (D.Nev. July 11, 2011) ("[T]he parties had at least 259 days, not counting the time during which discovery was stayed, after the notice to find time to schedule the four depositions. The failure to do so constitutes a lack of diligence and is not excusable neglect."); *Bickler v. Senior Lifestyle Corp.*, 2010 WL 342584, at *2 (D.Ariz. Jan. 28, 2010) (denying defendant's motion to extend discovery deadlines to take depositions because "Defendant has not shown that the depositions could not have been completed within the Court's schedule through reasonable diligence."); *Harris v. Supervalu Holdings–PA LLC*, 2007 WL 1175631, at *2 (W.D.Pa. Apr. 20, 2007) (denying motion to extend discovery deadline because "during the nearly six months the Court has allotted for discovery, plaintiff has failed to take even one deposition. Although the Court is willing to work with plaintiff, given her pro se status, the Court cannot reward plaintiff for her lack of diligence by extending the discovery dates even further."). Accordingly, the Court finds that the parties have failed to demonstrate sufficient diligence to warrant the requested extension.

*Darrah v. Virgin Islands ex rel. Juan F. Luis Hosp.*, No. CIV.A. 2009-068, 2011 WL 6181352, at *5 (D.V.I. Dec. 13, 2011).

WHEREFORE, due to the prejudice visited upon Plaintiff together with the failure of Defendants to demonstrate "good cause" for an extension of the discovery deadline due to their own lack of diligence, Plaintiff prays that this Court deny Defendants' Motion to Extend Discovery.

LADOV LAW FIRM, P.C.

Dated: August 8, 2017

BY: JOSHUA B. LADOV, ESQUIRE
ATTORNEY I.D. # 73274
ARAMARK TOWER, SUITE 2820
1101 MARKET STREET
PHILADELPHIA, PA 19107
267-687-8855
*Attorney for Plaintiff,*
*Fleetway Capital Corp.*

4